IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENNETT LEVIN,<br><br>    Plaintiff,<br><br> v.<br>LINDA SILVERBERG<br> and ROBERT SILVERBERG,<br><br>    Defendants. | CIVIL ACTION<br>NO. 24-cv-04898 |

**OPINION**

Slomsky, J.                              October 23, 2024

## I. INTRODUCTION AND BACKGROUND

This case arises from an alleged breach of a Property Settlement Agreement that former spouses Plaintiff Bennett Levin ("Plaintiff") and Defendant Linda Silverberg executed during divorce proceedings.  (Doc. No. 1, Ex. C, Complaint ("Compl.") at ¶ 6.)  On September 6, 2024, Plaintiff filed a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, alleging breach of the Property Settlement Agreement, among other claims.  Some claims were only against Defendant Linda Silverberg, and some claims were against Defendants Linda and Robert Silverberg ("Defendants").  (Doc. No. 3, Case No. 24-06035.)  The Complaint states:

1. Plaintiff Bennett Levin is an adult individual residing in the Commonwealth of Pennsylvania at 1275 River Rd., Washington Crossing, PA 18977 (hereinafter "Plaintiff").

2. Defendant Linda Silverberg is an adult individual residing in the Commonwealth of Pennsylvania at 420 Glen Arbor Court, King of Prussia, PA 19406 (hereinafter "Linda").  Linda is the former wife of Plaintiff.

3. Defendant Robert Silverberg is an adult individual residing in the Commonwealth of Pennsylvania at 420 Glen Arbor Court, King of Prussia, PA 19406 (hereinafter "Linda").  Robert and Linda are now married.

(Compl. at ¶¶ 1-3.)

1

On September 16, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b), in which they allege that this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship jurisdiction. (Doc. No. 1, Notice of Removal at ¶ 8.)[1]

The Notice of Removal states:

> 9. At the time of filing of his Complaint and pursuant to the averments contained therein, Plaintiff was and is a citizen of the Commonwealth of Pennsylvania who resides at 1275 River Road, Washington Crossing, PA 18977.
>
> 10. Defendants the Silverbergs are husband and wife who are citizens of the State of Florida who reside at 155 NW Emerson Place, Boca Raton, FL 33432.

(Notice of Removal at ¶¶ 9,10.)

For reasons that follow, however, this case will be remanded to the Court of Common Pleas of Montgomery County, Pennsylvania because this Court lacks subject matter jurisdiction.

## II.     STANDARD OF REVIEW

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "For removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt.,

---

[1] On September 26, 2024, Defendants filed a Motion to Dismiss Plaintiff's Complaint and/or to Compel Arbitration. (Doc. No. 2.) On October 7, 2024, Plaintiff responded in opposition. (Doc. No. 4.) On October 14, 2024, Defendants filed a Reply. (Doc. No. 5.) On October 18, 2024, Plaintiff filed a Sur Reply in Further Opposition. (Doc. No. 6.) The Court has reviewed these briefs but need not address the merits of the Motion (Doc. No. 2 ) because the Court lacks subject matter jurisdiction over this case.

Inc., 316 F.3d 408, 410 (3d Cir. 2003)).[2] A defendant seeking removal because a federal court has original jurisdiction must do so within thirty (30) days of service of the complaint. 28 U.S.C. § 1446(b).

A plaintiff may challenge removal by filing a motion to remand the case to state court. 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Id. Remand to state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Further, there is a "longstanding doctrine that federal courts should interpret removal statutes with '[d]ue regard for the rightful independence of state governments' to 'provide for the determination of controversies in their courts.'" Swindell-Filiaggi v. CSX Corp., 922 F. Supp. 2d 514, 524 (E.D. Pa. 2013) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. at 108–09). "[A]ny doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. 99-0929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citations omitted).

A district court may also remand a case on its own because a court may address subject matter jurisdiction sua sponte at any time. Park v. Tsiavos, 165 F. Supp. 3d 191, 198 (D.N.J.

---

[2] Diversity of citizenship jurisdiction in federal court has its genesis in Article III, Section 2 of the United States Constitution, which provides that: "The judicial power shall extend . . . to controversies between citizens of different states . . . ." Diversity of citizenship jurisdiction has been codified in 28 U.S.C. § 1332(a), which provides:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

  (1) Citizens of different States . . . .

28 U.S.C. § 1332(a).

2016), aff'd, 679 F.App'x 120 (3d Cir. 2017). "It is beyond dispute [ ] that failure to challenge removal cannot confer subject matter jurisdiction which it does not otherwise possess upon the federal district court . . . It is the responsibility of this court to inquire, sua sponte, into the question of the subject matter jurisdiction of the district court." Medlin v. Boeing Vertol Co., 620 F.2d 957, 960 (3d Cir. 1980); see also Entrekin v. Fisher Sci. Inc., 146 F. Supp. 2d 594, 604 n. 9 (D.N.J. 2001) ("Whenever [ ] subject matter jurisdiction is absent, the district court must remand the case to the state court upon either motion or sua sponte."); Bank of Am., N.A. v. Arsenis, No. 24-1360, 2024 WL 3534479, at *2 (3d Cir. July 25, 2024) (affirming sua sponte remand by a district court where a complaint did not present a federal question).

### III. ANALYSIS

Here, Defendants' Notice of Removal was filed timely, but their reliance on diversity of citizenship jurisdiction as the basis for original or subject matter jurisdiction in this Court is misplaced. And although Plaintiff has not moved to remand, this Court has no subject matter jurisdiction over this case and therefore it must sua sponte remand the case to state court. See 28 U.S.C. § 1447(c).

First, for removal purposes, diversity of citizenship of the parties must exist both at the time the action was commenced in state court and at the time of removal. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). For more than 140 years, "the law has been well-settled that an action may not be removed from a state to a Federal court on the ground of diversity of citizenship at the time of filing the petition for removal unless such diversity also existed at the time of the commencement of the suit." Washington-E. Washington Joint Auth. v. Roberts & Schaefer Co., 180 F. Supp. 15, 18 (W.D. Pa. 1960) (collecting cases from the United States Supreme Court which hold that with regard to removal, diversity is required when the suit is filed and when the removal petition is filed). As noted, the Complaint lists the Plaintiff Bennett

Levin and Defendants Linda Silverberg and Robert Silverberg as residing in Pennsylvania (Compl. at ¶¶ 1-3). The Notice of Removal lists Plaintiff Bennett Levin as residing in Pennsylvania, and lists Defendants Linda and Robert Silverberg as citizens of Florida. (Notice of Removal at ¶¶ 9,10.) Thus, there was no complete diversity of citizenship both at the time this case commenced in state court and at the time of removal.

Second, even if the contract dispute in this case is governed by the arbitration clause in the Property Settlement Agreement, as suggested in Defendants' Motion to Dismiss and/or to Compel Arbitration (Doc. No. 2), the Federal Arbitration Act "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26, (1983). And, as noted, there is no diversity of citizenship jurisdiction.

Third, federal courts are reluctant to interfere with familial disputes. Although the United States Supreme Court affirmed that "only 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds" (Marshall v. Marshall, 547 U.S. 293, 308, (2006) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)), the federal judiciary has historically deferred to state-law policy decisions with respect to domestic relations. See generally United States v. Windsor, 570 U.S. 744. (2013). And even though this third reason alone would not be a ground to remand this case to state court, this Court is mindful that state courts are more involved in domestic relations matters than federal courts.

## IV.  CONCLUSION

Thus, for the foregoing reasons, this Court does not have subject matter jurisdiction, and the case will be remanded to the Court of Common Pleas of Montgomery County, Pennsylvania. An appropriate Order follows.