IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BENNETT LEVIN,

         Plaintiff,

    v.

LINDA SILVERBERG
and ROBERT SILVERBERG,

         Defendants.

CIVIL ACTION
NO. 24-cv-4898

## OPINION

**Slomsky, J.**                                                **December 3, 2024**

I.      **INTRODUCTION**................................................................................................... 1

II.    **FACTUAL AND PROCEDURAL BACKGROUND**........................................... 1

III.   **STANDARD OF REVIEW**.................................................................................. 4

IV.   **ANALYSIS**............................................................................................................ 5

    A.    Defendants Have Not Established Any Ground for Reconsideration ............................ 5

        1.    No Clear Error Supports Reconsideration ...................................................... 6

        2.    The New Evidence Is Inadequate to  Support Reconsideration ................................... 8

        3.    Untimely Offering of New Evidence............................................................ 12

V.    **Defendants' Argument for Leave to Amend Is Unavailing** ......................................... 12

VI.   **CONCLUSION** ................................................................................................. 14

I.    **INTRODUCTION**

This case arises from an alleged breach of a Property Settlement Agreement that Plaintiff

Bennett Levin ("Plaintiff") and Defendant Linda Silverberg executed during divorce proceedings.

(Doc. No. 1, Ex. C, Complaint ("Compl.") at ¶ 6.)  Defendants removed the case to this Court on

grounds of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).[1]  Finding the removal

improper due to lack of subject matter jurisdiction because diversity of citizenship was not

established, the Court remanded the case to state court  (Doc. Nos. 7, 8).  Defendants have filed a

Motion for Reconsideration of the remand Order (Doc. No. 9).  After considering Defendants'

Motion for Reconsideration (Doc. Nos. 9), Plaintiff's Response (Doc. No. 10), and Defendants'

Reply (No. 11), the Court again finds that Defendants have improperly removed this case to federal

court, and for the reasons discussed below, the Motion for Reconsideration (Doc. No. 9) will be

denied.

II.    **FACTUAL AND PROCEDURAL BACKGROUND**

On September 6, 2024, Plaintiff filed a Complaint in the Court of Common Pleas of

Montgomery County, Pennsylvania, alleging breach of the Property Settlement Agreement, among

other claims.  Some claims alleged in the Complaint were only against Defendant Linda Silverberg,

and some claims were against both Defendants Linda and Robert Silverberg ("Defendants").  (Doc.

No. 3, Case No. 24-06035.)  Regarding their citizenship, the Complaint states:

---

[1]    Diversity of citizenship jurisdiction in federal court has its genesis in Article III, Section 2 of
the United States Constitution, which provides that: "The judicial power shall extend . . . to
controversies between citizens of different states . . . ."  Diversity of citizenship jurisdiction
has been codified in 28 U.S.C. § 1332(a), which provides: (a) The district courts shall have
original jurisdiction of all civil actions where the matter in controversy exceeds the sum or
value of $75,000, exclusive of interest and costs, and is between:  (1) Citizens of different
States . . . . 28 U.S.C. § 1332(a).  "The defendants bear the burden of establishing removal
jurisdiction and compliance with all pertinent procedural requirements."  Boyer v. Snap-On
Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

1

1.  Plaintiff Bennett Levin is an adult individual residing in the Commonwealth of Pennsylvania at 1275 River Rd., Washington Crossing, PA 18977 (hereinafter "Plaintiff").

2.  Defendant Linda Silverberg is an adult individual residing in the Commonwealth of Pennsylvania at 420 Glen Arbor Court, King of Prussia, PA 19406 (hereinafter "Linda").  Linda is the former wife of Plaintiff.

3.  Defendant Robert Silverberg is an adult individual residing in the Commonwealth of Pennsylvania at 420 Glen Arbor Court, King of Prussia, PA 19406 (hereinafter "Robert").  Robert and Linda are now married.

(Doc. No. 1, Ex. C, Complaint ("Compl.") at ¶¶ 1-3.)

On September 16, 2024, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b), in which they allege that this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship jurisdiction.  (Doc. No. 1, Notice of Removal at ¶ 8.)  The Notice of Removal states:

9.  At the time of filing of his Complaint and pursuant to the averments contained therein, Plaintiff was and is a citizen of the Commonwealth of Pennsylvania who resides at 1275 River Road, Washington Crossing, PA 18977.

10.  Defendants the Silverbergs are husband and wife who are citizens of the State of Florida who reside at 155 NW Emerson Place, Boca Raton, FL 33432.[2]

(Notice of Removal at ¶¶ 9,10.)  Paragraph 10 in the Notice of Removal does not state when one or both defendants became citizens of Florida, or if they did so, as of what date.  Defendants were

---

[2]   While Defendants state in their Motion for Reconsideration that they were citizens of Florida at all relevant times, including when the Complaint was filed (Doc. No. 9 at 2), for the reasons discussed infra, this allegation is insufficient to show their citizenship and also untimely.

required to show that their citizenship made them diverse from Plaintiff under Federal Rule of Civil Procedure 8(a)(1),[3] and they did not do so.

In 2022, Federal Rule of Procedure 7.1(a)(2)[4] was amended to require that a party to an action in which jurisdiction is based on diversity of citizenship to disclose the citizenship of every person or entity in the case. Fed. R. Civ. P. 7.1 Advisory Committee Note of 2022. Notably, the disclosure does not relieve a party from the Rule 8(a)(1) obligation to plead the grounds showing jurisdiction. It is designed to facilitate an early and accurate determination of jurisdiction. (Id.) Here, while Defendants disclosed a Pennsylvania residence for Plaintiff and a Florida address for Defendants, that disclosure did not relieve them of their burden to establish complete diversity of citizenship under Rule 8(a)(1). (See Doc. No. 1 at 2.) And merely alleging that Plaintiff is a citizen of the Commonwealth of Pennsylvania and that Defendants were citizens of the state of Florida, in view of their residences alleged in the Complaint, did not meet Defendants' burden.

On October 23, 2024, this Court issued an Opinion and Order (Doc. Nos. 7, 8) remanding this case to state court due to lack of subject matter jurisdiction because, under Third Circuit law, diversity of citizenship of the parties must exist both at the time the action was commenced in state court and at the time of removal. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d

---

[3]  Federal Rule of Civil Procedure 8(a)(1) provides: "(a) Claim for Relief. A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

[4]  Federal Rule of Procedure 7.1(a)(2) provides: "Disclosure Statement. (a) Who Must File; Contents. (2) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)."

Cir. 2013).  Based on the difference in residences of Defendants as alleged in the Complaint and in the Notice of Removal, diversity of citizenship did not exist.  On October 29, 2024, Defendants filed the Motion for Reconsideration (Doc. No. 9) of the Opinion and Order (Doc. Nos. 7, 8), relying solely on what Defendants refer to as Plaintiff's concession of Defendants' Florida citizenship.  (Doc. No. 9 at 2.)

On October 31, 2024, Plaintiff filed a Response in Opposition (Doc. No. 10), specifically denying that he made any such concession and stating that he was instead pointing out that the "Notice of Removal is legally defective, in that Defendants did not allege complete diversity of citizenship on <u>both</u> the date on which the action was commenced in state court and at the time of removal."  (<u>Id.</u> at 2.)

On November 4, 2024, Defendants filed a Reply in Support of their Motion for Reconsideration (Doc. No. 11), attaching for the first time two Florida driver's licenses, one for Linda  Silverberg and one for Robert Silverberg, both licenses showing a residential address in Boca Raton, Florida.  (Doc. No. 11, Ex. A).  The Reply also references for the first time that the 1996 Property Settlement Agreement "identifies the marital residence of Linda and Levin [Plaintiff] as in Florida . . .  and that the divorce proceeding between Linda Silverberg and Levin [Plaintiff] took place in Florida."  (Doc. No. 11 at 5, quoting Compl. Ex. A, pp.1-2.)  These are the first and only factual offers put forth by Defendants to support their Florida citizenship, and their first attempt to show that such citizenship was acquired before the case was originally filed in state court.

III.    **STANDARD OF REVIEW**

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."  <u>Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.</u>, 602 F.3d 237, 251 (3d Cir. 2010) (quoting <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>,

176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration

"must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability

of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."

Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).  However, "[a] motion for reconsideration

'addresses only factual and legal matters that the Court may have overlooked.  It is improper on a

motion for reconsideration to ask the Court to rethink what it had already thought through—rightly

or wrongly.'"  In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010)

(quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for

reconsideration."  Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa.

1999).  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments,

motions for reconsideration should be granted sparingly."  In re Asbestos Products Liab. Litig.

(No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus.,

Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

IV.    ANALYSIS

    A.    **Defendants Have Not Established Any Ground for Reconsideration**

As noted above, reconsideration is appropriate where there is:  (1) an intervening change

in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law

or prevent manifest injustice."  Lazaridis, 591 F.3d at 669.  Here, Defendants have not alleged a

change in applicable law.[5]  Nor have they asserted that the Order to remand results in a manifest

---

[5]    The Third Circuit has not wavered in the law that applies here.  For removal purposes,
"[d]iversity jurisdiction must exist at the time the complaint was filed and at the time of
removal, and the burden is on the moving party to establish federal jurisdiction." Facta Health
Inc. v. Pharmadent LLC, 2024 WL 4345299, at *2 (3d Cir. Sept. 30, 2024);  see also Johnson

injustice.  They do assert that (1) the Court has overlooked a fact that led to a clear error, and (2) new evidence shows that diversity of citizenship exists here.  (See Doc. No. 9 at 3.)[6]

### 1.    No Clear Error Supports Reconsideration

The Court finds no clear error in its conclusion that Defendants' Notice of Removal was deficient because it did not overcome the requirement to show that Defendants were citizens of Florida not only at the time at the time the Complaint was filed in state court, but also when the case was removed to this Court.  As noted above, under Third Circuit law, diversity of citizenship of the parties must exist both at the time the action was commenced in state court and at the time of removal.  Johnson, 724 F.3d at 346.  And paragraph 10 in the Notice of Removal merely states, "Defendants the Silverbergs are husband and wife who are citizens of the State of Florida who reside at 155 NW Emerson Place, Boca Raton, FL 33432." (Notice of Removal at ¶¶ 9,10.)  Given the Pennsylvania residence of all parties as alleged in the Complaint, the allegation that Defendants are Florida citizens in the Notice of Removal is insufficient to establish diversity of citizenship jurisdiction.

If Defendants changed their citizenship or if the information in the Complaint was incorrect, they were responsible to timely correct the record.  "A party claiming to have a new domicile must: (1) 'rebut the presumption in favor of an established domicile'; and (2) prove by a preponderance of the evidence that 'a change of domicile occurred, creating diversity of citizenship.'" Park v. Tsiavos, 165 F. Supp. 3d 191, 198 (D.N.J. 2016), aff'd, 679 F. App'x 120 (3d Cir. 2017) (quoting McCann v. Newman Irrevocable Trust, 458 F.3d 281, 288–89 (3d Cir.

---

724 F.3d at 346 (3d Cir. 2013)(same); Smith v. Sperling, 354 U.S. 91, 93 n. 1, (1957) (jurisdiction is tested by the facts as they exist when the action is brought).

[6]    The $75,000 amount in controversy threshold to support diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) is not challenged in this case.

2006)).  "If the citizenship of the parties is not disclosed in the complaint, the case is not removable

unless the defendant can affirmatively plead and later prove the existence of diversity."  Balilaj v.

Marshalls, Inc., 2004 WL 437448, at *2–4 (E.D. Pa. Mar. 2, 2004); see 28 U.S.C. § 1446 (b)(3).[7]

Here, because Defendants in their Notice of Removal and in their opposition to Plaintiff's Motion

to Dismiss the Complaint did not prove by a preponderance of the evidence that Plaintiff's

assertion in the Complaint that Defendants were citizens of Pennsylvania (Compl. at ¶ 2, 3) was

incorrect, remand to state court was appropriate.

In their Motion for Reconsideration (Doc. No. 9), Defendants now argue that "the Court

overlooked the concession by [Plaintiff] in his response to the Motion to Dismiss that the

Silverbergs are citizens of the State of Florida."  (Doc. No. 9 at 3; Doc. No. 4 at 1.)  On the contrary,

the Court was aware of, and remains cognizant of, the entirety of the footnote in Plaintiff's

Response in Opposition to the Motion to Dismiss the Complaint.

The entire footnote reads:

> Although the Notice of Removal is technically deficient in that same fails to allege
> diversity at the time of commencement of the action, information in Plaintiff's
> possession suggests Defendants are, in fact, citizens of Florida and that removal
> may be substantively permissible pursuant to the Federal Rules.

(Doc. No. 4 at 1, n. 1 (emphasis added).)  That Plaintiff has unidentified information that

"suggests" the possibility of Defendants residing in Florida does not prove by a preponderance of

the evidence that Defendants were citizens of Florida at the time the lawsuit was filed.  Moreover,

---

[7]   28 U.S.C. § 1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may
> be filed within 30 days after receipt by the defendant, through service or otherwise,
> of a copy of an amended pleading, motion, order or other paper from which it may
> first be ascertained that the case is one which is or has become removable.

the Court agrees with Plaintiff that this footnote serves as a notice of the deficiency in the Notice

of the Removal.  Because the note does not reveal what the information is, or in what manner this

information suggests Defendants have a Florida citizenship, it does not constitute a voluntary act

of concession on Plaintiff's part regarding complete diversity of citizenship jurisdiction.[8]  Further,

Plaintiff's footnote fails to affirmatively state that Defendants were Florida citizens at the time the

case was filed in state court or at the time of removal.   In fact, Plaintiff noted in his Response to

the Motion for Reconsideration that he is "without knowledge or information sufficient to form a

belief as to the truth of [whether Defendants were citizens of Florida at the time the action was

filed in state court and at the time of removal]."  (Doc. No. 10 at 2.)

In any event, diversity of citizenship jurisdiction must be shown to the Court's satisfaction,

and alleging that Plaintiff has information in his possession that suggests diversity of citizenship

without revealing that information does not satisfy the Court that subject matter jurisdiction has

been established, especially in view of Plaintiff's allegations of Defendants' residence in the

Complaint.

> **2.    The New Evidence Is Inadequate to
> Support Reconsideration**

The new evidence presented by Defendants does not provide grounds for reconsideration.

The new evidence in this case comes in two forms.  First, in Defendants' Reply in Support of their

---

[8]    The Third Circuit has held that "detailed grounds for removal need not be set forth in the
notice" as "the same liberal rules employed in testing the sufficiency of a pleading should apply
to appraising the sufficiency of a defendant's notice of removal." USX Corp. v. Adriatic Ins.
Co., 345 F.3d 190, 205 n. 12 (3d Cir. 2003).  Thus, a notice of removal only requires factual
allegations. Selkirk v. Gen. Motors, LLC, CA No. 13-331, 2013 WL 3327377, at *3 (E.D. Pa.
July 2, 2013)  In Selkirk, however, the plaintiffs did not challenge the factual existence of
diversity jurisdiction [at any time]. Selkirk 2013 WL 3327377, at *3.  In this case, Plaintiff
averred, "It is specifically denied that this Honorable Court maintains jurisdiction . . ." (Doc.
No. 10 at 3.)

Motion for Reconsideration (Doc. No. 11), Defendants attach as new evidence copies of their driver's licenses.  Second, Defendants point to the fact that the divorce proceedings that gave rise to the Property Settlement Agreement took place in Florida, and that their marital residence as described in the Agreement was in Florida.  (Doc. No. 11 at 5.)

Courts in this district have provided examples of the manner in which parties can prove citizenship.  "In determining an individual's domicile, a court considers several factors, including 'declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business.'"  Park 165 F. Supp. 3d at 199 (quoting Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972) (internal quotation omitted) (emphasis added).  "Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration."  McCann 458 F.3d at 290.

While a driver's license is listed as one of several factors that may point to citizenship of a party, the face of the driver's license itself does not prove diversity of citizenship both at the time a case is filed in state court and at the time of removal.  On a practical level, an individual can easily hold a driver's license in one state and be considered a citizen of another state under certain conditions.  In this regard, cases in the Third Circuit Court of Appeals are illustrative of the notion that a driver's license alone is inconclusive proof of a party's citizenship.  For example, in Krasnov v. Dinan, the Third Circuit held that the defendant was a citizen of Pennsylvania, even though he declared Connecticut citizenship, voted in Connecticut, and held a Connecticut driver's license.  Krasnov, 465 F.2d at 1303.  Though the defendant never held a Pennsylvania driver's license, he was considered to be a citizen Pennsylvania citizen for purposes of the lawsuit because at the time suit was filed, he was a resident of Pennsylvania and entertained no intention to go elsewhere.  See

9

id. at 1301–02.[9]  In another case, the Third Circuit held that a plaintiff was a Texas resident, relying

on the fact that she owned a home in Texas, received mail there, saw her primary care doctor in

Texas, owned a car there, filed taxes as a Texas resident, had a bank account, cellphone and car in

Texas, routinely visited Texas, and had a Texas driver's license.  Washington v. Hovensa LLC, 652

F.3d 340, 345 (3d Cir. 2011).

Courts in this district also have engaged in similar complex queries, based on more than a

driver's license, in order to arrive at a conclusion concerning a party's citizenship.  In Herzog v.

Herzog, a plaintiff was held to be a citizen of Pennsylvania—even though she had a New York

motor vehicle operator's license, a New York auto registration, and auto insurance through

membership in a New York automobile club—because she kept her stocks and bank account in

Pennsylvania, paid her taxes in Pennsylvania and remained registered to vote in Pennsylvania and

not in New York.  Herzog v. Herzog, 333 F. Supp. 477, 478 (W.D. Pa. 1971).  In addition, a plaintiff

with a Pennsylvania driver's license who lived and worked in Pennsylvania during the week but

returned to Delaware on weekends to visit his family was found to be a citizen of Delaware because

the court found that he lived in Pennsylvania only for convenience.  Messick v. Southern

Pennsylvania Bus Co., 59 F. Supp. 799, 800 (E.D. Pa. 1945).  Thus, without more proof, a driver's

license by itself is not definitive proof of citizenship.

Furthermore, the fact that the divorce proceedings took place in Florida is not conclusive

proof that Defendants were citizens of Florida.  In that state, it is true that "to obtain a dissolution

of marriage, one of the parties to the marriage must reside 6 months in the state before the filing

---

[9]   "Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed
      and permanent home and place of habitation. It is the place to which, whenever he is absent,
      he has the intention of returning."  McCann, 458 F.3d at 286 (quoting Vlandis v. Kline, 412
      U.S. 441, 454, (1973)).

of the petition." Fla. Stat. § 61.021.  But this provision only means that either Linda Silverberg or Robert Silverberg must have been a resident of Florida in the six (6) months leading up to the divorce.  It is not convincing evidence that both Defendants were citizens of Florida on the date that this case was filed in state court or on the date it was removed to this Court.  And the fact that the resulting Property Agreement names Florida as the location of the marital home is also not dispositive.  While "house of residence" is listed in Park, supra, as one of the factors a court may consider to determine citizenship, "[t]he terms 'resident' and 'citizen' are not interchangeable for diversity purposes and have distinct definitions under the law." Audi v. Sam's W., Inc., No. 3:20-CV-00557, 2021 WL 1549657, at *2 (M.D. Pa. Apr. 20, 2021).[10]  And the United States Supreme Court has held that one can reside in one place but be domiciled in another.  See District of Columbia v. Murphy, 314 U.S. 441, 454–55 (1941).

Given the paucity of the evidence relied upon by Defendants to show their Florida citizenship, they had a right to amend their Notice of Removal during the thirty-day removal period. USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 n. 13 (3d Cir. 2003).  The 30-day time limit on free amendments of the petition is derived from section 1446(b).[11]  They chose not to do so.  Instead, Defendants waited until the filing of a Reply to submit the more tangible evidence

---

[10]  Notably, in the Complaint, Plaintiff used the word "residing" in paragraphs 2 and 3 rather than "citizens."  Merely using the word "residing" could be another basis for failure to show diversity of citizenship jurisdiction.  In any event, given Plaintiff's challenge to subject matter jurisdiction and the insufficiency of Defendants' response, the Court need not spend more time on the differences in word use.

[11]  28 U.S.C. §1446(b) provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . .of a copy of the initial pleading."

described above.  Their offer was not only insufficient for the reasons discussed above, but also untimely for the reasons discussed below.

### 3.     Untimely Offering of New Evidence

The new evidence to support Defendants' Florida citizenship, in the form of the driver's licenses, the location of the divorce proceedings, and the location of the marital residence noted in the Property Settlement Agreement, was not submitted in a timely manner.  It was submitted for the first time in their Reply in Support of their Motion for Reconsideration (Doc. No. 11, Ex. A). However, "[a] moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief."  D'Alessandro v. Bugler Tobacco Co., No. 05–5051, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007); see also Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 978 F.2d 1318, 1327 n. 11 (3d Cir.1992) (refusing to consider an issue raised for the first time in a reply brief).  "The reason for not considering new bases for relief raised for the first time in a reply brief is self-evident:  No sur-reply is permitted, so the opponent has no opportunity to address the new defense."  D'Alessandro, 2007 WL 130798, at *2.

Thus, for all the reasons above, this Court's determination that this case be remanded to state court will stand and the Motion for Reconsideration will be denied.  See Entrekin v. Fisher Sci. Inc., 146 F. Supp. 2d 594, 604 n. 9 (D.N.J. 2001) ("Whenever [ ] subject matter jurisdiction is absent, the district court must remand the case to the state court upon either motion or sua sponte.")

## V.     Defendants' Argument for Leave to Amend Is Unavailing

Finally, in their Reply in Support of their Motion for Reconsideration, Defendants, for the first time, seek leave to file an amended Notice of Removal (Doc. No. 11 at 2) pursuant to Federal Rule of Procedure 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave where justice so requires." Their reliance on Rule 15(a)(2), however, is misplaced.  The Rule refers to

the amendment of a pleading, and a notice of removal is not a pleading.  See Federal Rule of Procedure 7(a).[12]

Moreover, Defendants' only request to amend the Notice of Removal was made in their Reply in Support of their Motion for Reconsideration.  It was not made in opposition to Plaintiff's Motion to Dismiss the Complaint.  Courts in this district have treated such a delay as a type of waiver.  See, e.g., Egger v. Marriott Int'l, Inc., No. 10–6274, 2011 WL 6133280, at *3 (E.D. Pa. Dec. 8, 2011) (finding the defendants waived an argument that fraudulent joinder established a basis for removal where they did not amend their notice of removal within the statutory thirty days).  And in Carlton Properties, Inc. v. Crescent City Leasing Corp., the court denied leave to amend a notice of removal, explaining that "[s]ince the petition for removal failed to allege a necessary jurisdictional fact, we have no jurisdiction in this matter except to declare our want of jurisdiction.  A different question would have been presented if the petition to amend had been filed within the statutory time." 212 F. Supp. 370, 371 (E.D. Pa. 1962).

Thus, even this request to amend the Notice of Removal was untimely, and although defective claims of jurisdiction may be amended in the trial courts pursuant to 28 U.S.C. § 1653, Defendants have had their opportunity to do so and did not meet their burden.

---

[12] Federal Rule of Procedure 7(a) provides:

(a) Pleadings. Only these pleadings are allowed:

    (1) a complaint;
    (2) an answer to a complaint;
    (3) an answer to a counterclaim designated as a counterclaim;
    (4) an answer to a crossclaim;
    (5) a third-party complaint;
    (6) an answer to a third-party complaint; and
    (7) if the court orders one, a reply to an answer.

## VI.    CONCLUSION

Accordingly, for all these reasons, Defendants' Motion for Reconsideration (Doc. No. 9) will be denied.  The Motion to Amend Notice of Removal, which is part of the Reply in Support of the Motion for Reconsideration (Doc. No. 11), will be denied.  An appropriate Order follows.